MR. JUSTICE SHEA,
dissenting:
I dissent.
*309 A defendant is as much entitled to due process in sentencing as he is at trial, and he has been denied that due process here. Here, defendant, as majority states, denied the accuracy of the information which found its way into the presentence investigation report. But, the fact that he denied the information does not demonstrate that he was given due process. He could only have been given due process by a process which gave him oppportunity to test the accuracy of the information given. If the District Court relied in any way on this information in imposing the sentence, defendant has been prejudiced. That prejudice can only be cured by giving him an opportunity to directly confront those whose names were secreted from defendant by the trial court. Where names are not disclosed in a presentence investigation report, and the trial court does not give the defendant an opportunity to rebut all the evidence disclosed, a presumption of prejudice arises which can only be cured by another sentencing hearing with adequate procedural safeguards.
I dissent for yet another reason — a ground not raised by defendant. Defendant has been subjected to double jeopardy by the imposition of the aggravated assault “with a weapon” sentence and the further imposition of a sentence for use of a firearm or dangerous instrument in committing a crime. In effect, defendant has been twice punished for the same act — the use of a weapon.
Defendant was charged under section 45-5-202(1)(c) of the aggravated assault statute which states: “A person commits the offense of aggravated assault if he purposely or knowingly causes: (C) reasonable apprehension of serious bodily injury in another by use of a weapon. . .” Use of a weapon is the essence of this section — if no weapon was used there can be no aggravated assault. Instead, the charge would be a misdemeanor. The misdemeanor assault statute, section 45-5-201(l)(d) provides: “A person commits the offense of assault if he: (d) purposely or knowingly causes reasonable apprehension of bodily injury in another. . .” It is clear, *310 therefore, that the act to be punished, because of its potential for harm, is the use of a weapon. Here the trial court punished the defendant for the use of the weapon by sentencing him to ten years in prison.
But the trial court then invoked another statute and gave the defendant a second ten-year sentence to run consecutively to the first ten-year sentence. Eight years of the second sentence were suspended, which resulted in a twelve-year prison sentence. Section 46-18-221(1) provides:
“A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon, shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the State prison of not less than two years or more than ten years. . .” (Emphasis added).
In filing the charges the State put the defendant on notice that it would invoke section 46-18-221 in the event of a conviction. The information alleged in part: “The maximum sentence for said offense is twenty (20) years plus an additional sentence of two years minimum and not to exceed ten years maximum for use of a firearm.” Defendant’s counsel, however, after defendant’s conviction, raised no issue with respect to imposition of an additional sentence for use of a firearm or other dangerous instrument. The effect is that defendant has been sentenced under the aggravated assault statute for use of a firearm, and he has again been punished under section 46-18-221(1), MCA, for use of a firearm. That — is double jeopardy.
The jury could not have convicted defendant of aggravated assault unless it found that he had used a weapon (a firearm here) to place the victim in reasonable apprehension of serious bodily injury. Conviction of that charge came about because defendant used a weapon. The trial court sentenced defendant to ten years because he used a weapon. I fail to see, however, that the court could impose a *311 penalty on top of this penalty — for use of a weapon. The undeniable fact is that if defendant had not used a weapon (a firearm here) he could not have been convicted of aggravated assault. Defendant has been subjected to a double penalty for the same act — pointing a weapon (a firearm) at another. This double penalty for the same act, violates the double jeopardy provisions of the United States and Montana Constitutions.
I would strike the additional penalty imposed under section 46-18-221. The additional penalty, as applied to the facts of this case, is unconstitutional.